Myles A. Schneider, #028436
**Myles A. Schneider & Associates, LTD**
14001 N. 7th Street
Suite B104
Phoenix, AZ 85022
Telephone (602) 926-7373
Facsimile (877) 294-4254
Email myles@maschneider.com
**Attorney for Defendant**
**Robert Sandoval**

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No: 3:25-cr-08074-MTL |
| Plaintiff, | |
| v. | **DEFENDANT'S SENTENCING MEMORANDUM** |
| Robert Sandoval, | |
| Defendant. | |

    COMES NOW Defendant, Robert Sandoval, through counsel, submits the following as his Sentencing Memorandum and request for a sentence at the low end of the Guideline range pursuant to 18 U.S.C. §3553 and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). Defendant requests that the Court follow the recommendation of United States Probation and sentence him to 18 Months in Prison, with credit for time served and no fine as Defendant is indigent and unable to pay.

    This Memorandum is supported by the following Memorandum of Points and Authorities, and other supporting documents filed with the Court if any.

    Respectfully submitted this 17th Day of February, 2026.

                                              Myles A. Schneider & Assoc., LTD


                                              s/ Myles A. Schneider
                                              Myles A. Schneider
                                              Attorney for Defendant

## OFFENSE CONDUCT

On April 29, 2025, Dominique Devon Meade and Jessica Dawn Rodriguez were arrested in the District of Arizona. The following day, Robert Sandoval and Diego Melchor-Cruz were also arrested, and all four defendants were thereafter detained on a felony complaint. On May 13, 2025, an indictment with a forfeiture allegation was filed in the U.S. District Court, District of Arizona, Prescott Division, which charged Meade, Rodriguez, Sandoval, and Melchor-Cruz with Possession or Receipt of Goods Stolen from Interstate Shipment, in violation of 18 U.S.C. § 659. (See PSR at ¶ 1).

On December 2, 2025, Sandoval pleaded guilty to the indictment and entered into a written plea agreement. The indictment charged on or about April 29, 2025, in the District of Arizona, Meade, Rodriguez, Sandoval, and Melchor-Cruz, knowingly possessed goods and chattels of a value in excess of $1,000, that is Nike shoes, which had been stolen from a Burlington Northern Santa Fe train while it moved in interstate commerce from California to Arizona, knowing the said goods and chattels to be stolen. (See PSR at ¶ 2).

## DEFENDANT'S HISTORY AND CHARACTERISTICS
## AND JUSTIFICATION FOR SENTENCE

Defendant, Robert Sandoval, is before the Court for his participation in an organized scheme to burglarize a shipping container on a BNSF railway train where 1,068 pairs of Nike shoes were stolen by the defendant and his counterparts. The defendant and codefendants traveled from California to Arizona to commit this offense and were arrested shortly thereafter the theft was committed. Luckily, all 1,068 pairs of shoes were recovered; however, this caused significant disruption to BNSF and most likely to the product lines contained in their Containers.

Defendant is a lifelong resident of California. He reported both physical and sexual abuse during his childhood. This trauma he endured during his childhood appears to be unaddressed and possibly linked to his substance use addiction and homelessness. He has a substantial amount of criminal history which is now mostly dated. His criminal history appears to be tied to his lack of stable residence and substance use addiction, as the crimes involved illicit substances, stolen goods, forged and fictious documents. In addition to his substantial contact with law enforcement, according to the defendant, he was diagnosed with bipolar disorder and schizophrenia in 2003.

Defendant has used methamphetamine daily since 25, with the exception of periods of incarceration. He received substance use treatment on one occasion in approximately 2009. He speaks highly of the program and expressed a desire to receive future treatment to maintain his current sobriety. At the time of his arrest, he was in desperate need of medical care, which he has now received. He indicated his health significantly improved, which ignited a desire to continue medical care to treat his conditions. This information highlights the defendant's risk to the community, which is high based on his lack of stable housing, long-term substance use, and mental health diagnoses.

The plea agreement stipulates to a sentence not to exceed the low end, which is 18 months custody. A low-end sentence of 18 months appears appropriate to represent the seriousness of the offense, provide just punishment and deterrence, and account for sentences imposed in other similarly situated defendants. A low-end sentence also considers his childhood trauma and his untreated mental health conditions. Following this term of imprisonment, the maximum term of supervised release is recommended. This length of term is recommended as the defendant's successful transition into the community will require significant resources due to his lack of housing, and his treatment and medical needs. In addition, during this term of supervision, while providing the defendant with rehabilitation services, three years of supervision will also promote public safety as his treatment and activities will be monitored within the community. Although restitution is mandatory, it has not been requested. Based on the defendant's ability to pay a fine, one is not recommended; however, the special assessment is mandatory.

## ARGUMENTS AND AUTHORITIES

In light of the Supreme Court's decision in *Gall v. United States*, 552 U.S. 38 (2007), it is clear that this Court enjoys enormous discretion in determining the appropriate sentence for Defendant, regardless of the specific sentence called for by the Guidelines. For the reasons set forth below, we respectfully submit that, based on the factors set forth in 18 U.S.C. §3553(a), the Court Sentence Defendant to 18 months incarceration with no fine as he is indigent.

I.     **Section 3553(a) Factors**

The federal sentencing statute requires that the Court tailor an individualized sentence that is "sufficient, but not greater than necessary" to comply with the purpose of 18 U.S.C. § 3553(a), and, in "determining the particular sentence to be imposed, shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed;
  a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
  b. to afford adequate deterrence to criminal conduct;
  c. to protect the public from further crimes of the defendant; and
  d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). In this case, a sentence of probation is just and appropriate, for the reasons stated below.

Here, the most relevant factors in considering Defendant's sentence are as follows:

FACTORS TO CONSIDER IN THIS MATTER

*a. The nature and circumstances of the offense and the history and characteristics of Defendant. (18 U.S.C. §3553(a)(1)).*

  i. <u>Nature of and circumstances of the offense</u>.

Defendant got involved with the wrong people who helped him feed his drug habit and seek acceptance. This is all too common. However, Defendant has had the opportunity to become sober and receive the much-needed medical treatment for his various diseases.

  ii. <u>History and Characteristics of Defendant.</u>

As stated above, Defendant is a serious drug abuser and, but for drug use, he would be law abiding. He is very remorseful for his actions and is looking forward to a long, sober life.

*b. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. §3553(a)(2)).*

  i. <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant;</u>

Defendant admits that he violated the law.  Further, Defendant is aware that this crime serious.  Defendant wants to finally be sober and live the best life possible.

> ii. <u>to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner</u>

To protect the public, Defendant needs to abstain from drug use.  USA Probation is aware of his needs and has assured the undersigned that it not only proposes the recommended Special Conditions of supervised release but will closely monitor his sobriety.  USA Probation writes:

> Given the defendant's history of illicit substances, he should be subject to substance abuse treatment and testing conditions. To facilitate the defendant's treatment, it is recommended that he be prohibited from the consumption of alcohol. Because the offense involved possession of stolen goods, the defendant should be subject to a search condition. DNA testing is mandatory based on the statute of conviction. As the defendant does not have a stable residence and to assist with his transition into the community, a residential reentry condition is recommended.

    c. *The Sentencing Guideline calculation (18 U.S.C. §3553(a)(4-5))*

*United States v. Hammons*, 558 F.3d 1100 (9th Cir. 2009) (district court must consider, but is not bound by, the applicable guideline sentencing range).  Defendant quickly plead guilty, which has not only did Defendant clearly demonstrate acceptance of responsibility for the offense pursuant to USSG §3E1.1(a), but she was also timely in manifestation of his acceptance. (<u>Id.</u> at note 1, H.)

**II.** **<u>The Need for the Sentenced Imposed</u>**

The Court is charged with ensuring that the ultimate sentence is "sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth" in 18 U.S.C. §3553(a)(2)(A-D). 18 U.S.C. §3553(a).  In *United States v. Booker*, the United States Supreme Court decided that the Constitution mandated that the Sentencing Guidelines be advisory and subsequent decisions by the Supreme Court have made it clear that after calculating and considering the appropriate range under the Sentencing Guidelines, the Court is free to impose a sentence consistent with the factors set forth in §3553 but outside the structures of the Guidelines. 543 U.S. 220, 125 S.Ct. 738 (2005). *United States v. Kimbrough*, 552 U.S. 85 (2007), provides that a sentence at the low end of the Guideline range where the court concludes

that the Guideline range is simply too high will be upheld where the particular circumstances of the defendant's case are weighed, and though not rising to the level of deserving a variance, are also considered in determining the sentence.

A felony conviction and a sentence of 18 Months, followed by three years supervised release, reflects the seriousness of Defendant's offense, promotes respect for the law, and provides just punishment. Under the unique facts of this case, a sentence consistent with the base offense is sufficient to reflect the seriousness of the offense, to encourage respect for the law and to provide just punishment.

### III.     Offense Level Computation

Defendant agrees with the Offense Level Computation provided by USA Probation. With a total offense level of 13 combined with a criminal history category of III yields a guideline range of 18 to 24 Months.  Three years of supervised release is appropriate given Defendant's dire needs for the services offered by USA Probation.

### CONCLUSION

For all the forgoing reasons, Defendant respectfully request that the Court impose a sentence of 18 Months of incarceration, with credit for time served, along with three years of supervised release and no fine as Defendant does not have the financial wherewithal to pay. Such a sentence is sufficient, but not greater than necessary to comply with the purpose of 18 U.S.C. § 3553(a).

RESPECTFULLY SUBMITTED this 17th day of February 2026.

MYLES A. SCHNEIDER & ASSOC., LTD.

/s/Myles A. Schneider
MYLES A. SCHNEIDER (AZ Bar No.:028436)
14001 N. 7th Street
Suite B104
Phoenix, AZ 85022
myles@maschneider.com
Telephone: 602-926-7373
Facsimile: 877/294-4254
**Attorney for Defendant**
**Robert Sandoval**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of February 2026, I electronically transmitted the attached document using the CM/ECF system for filing, and which will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

/s/ Myles A. Schneider